THE STATE v. DITTON.

1. **Criminal Law**: EVIDENCE: LARCENY. Testimony showing that other stolen property than that alleged in the indictment to have been stolen was found in the possession of defendant is admissible, not for the purpose of proving defendant guilty of another offense, but to connect him with the larceny charged.

*Appeal from Buchanan District Court.*

WEDNESDAY, JUNE 12.

DEFENDANT was convicted of grand larceny and sentenced to confinement in the penitentiary for two years and eight months. He now prosecutes his appeal in this court.

*Bruckart & Ney*, for appellant.

*J. F. McJunkin, Attorney General,* for the State.

BECK, J.—I. The property described in the indictment, a horse, buggy and harness, was stolen from the barn of the owner in the night of the 15th of August, 1877. The next day, at nine o'clock A. M., defendant was seen by a lad in an unfrequented spot in the woods or brush, sitting upon the ground apparently as if he had just awakened from sleep. Near by was the stolen property, the horse tied to the

· buggy. Defendant was afterward found by others near the property, and was finally arrested. He made statements to the effect that he had been pursuing two men who had stolen corn, and that he had found the stolen horse and buggy in the woods, and had been in pursuit of the thieves. He was without his coat, and stated that he had left it in a church not far away. A bucket, basket, some crackers, cheese and tobacco were found in the buggy. A coat which he admitted to be his was found in the church, and in one of the sleeves was a box of cigars.

The State was allowed to prove, against defendant's objection, that a store within fifty feet of the barn, from which 1. CRIMINAL the property had been taken, was on the same law: evidence: larceny. night entered, and the bucket, basket and other articles found in the buggy when discovered, and the box of cigars found in the sleeve of defendant's coat, had been taken therefrom. The admission of this testimony is insisted upon as being erroneous, for the reason that the commission of another crime could not be shown for the purpose of convicting defendant of the offense charged in the indictment. But the testimony was not introduced for the purpose of establishing a burglary or larceny of the basket, cigars and other property. It was to connect defendant with the larceny of the horse and buggy. He claimed to have been in pursuit of the thief, and not to have taken the property himself, and that he had left his coat in the church. With it was found a box of cigars, which was taken on the same night the horse and buggy were stolen, from a neighboring store. This would establish the untruthfulness of his statements touching the pursuit of the thief, and connect him with the larceny.

II. The defendant offered to file a written statement, being in effect an admission that the property had been stolen, but denying that he was guilty of the larceny. The court rightly rejected the paper. The admission was not required by the State, and the declaration of his innocence was not admissible

in defendant's behalf. It was utterly incompetent for any purpose.

III. The fourth and fifth instructions given to the jury are complained of by defendant. The fourth directs the jury that the possession by defendant of the box of cigars stolen at the same time and place with the horse and buggy might be considered to connect defendant with the larceny; the fifth, that the presence of defendant at the place where the property was found, and his possession thereof, unexplained, tended to show defendant's guilt. These instructions are clearly correct, and applicable to the evidence in this case.

AFFIRMED.